UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TANNER FEDORKO et al., | CASE NO. 3:25-cv-05188-DGE |
| Plaintiffs, | ORDER DENYING MOTION TO EXTEND DEADLINES (DKT. NO. 24) |
| v. | |
| STATE FARM FIRE & CASUALTY COMPANY, | |
| Defendant. | |

On January 29, 2026, the Parties filed a joint motion to extend certain discovery deadlines.  (Dkt. No. 24.)  The Parties assert "additional time is necessary to allow sufficient time for experts to complete their opinions and the parties to submit disclosure of any rebuttal opinions." (*Id*. at 1.)  The Parties ask to move the following dates: the deadline for disclosure of expert witnesses, from February 6, 2026 to March 6, 2026; the deadline for disclosure of rebuttal opinions, from March 9, 2026 to April 6, 2026; the deadline for discovery motions, from April 17, 2026 to May 15, 2026; and the discovery cutoff, from April 22, 2026 to May 20, 2026.  (*Id*.)

ORDER DENYING MOTION TO EXTEND DEADLINES (DKT. NO. 24) - 1

The Parties also assert that their request is not "expected to impact the parties' ability to meet the other deadlines set by the current Scheduling Order." (*Id*. at 2.)  Yet the current Scheduling Order sets the deadline for dispositive motions as May 18, 2026—2 days **_before_** the Parties' proposed deadline for the discovery cutoff.

The motion also fails to identify why the experts need additional time.  The motion does not identify when the experts were engaged, when materials were delivered to the expert(s) for their review, what materials remain necessary for the experts to complete their opinions, and why the experts were/are unable to complete their opinions.  The Parties also fail to identify why a complete extension of the discovery deadline is necessary versus a tailored continuance aimed solely as discovery related to experts.  In short, the motion is void of any facts to support a finding of good cause.  Moreover, the Parties do not address the impact of moving the discovery deadline past the dispositive motions deadline.

As identified during the scheduling conference held on June 13, 2025, the Court does not grant extensions based solely on agreement of the Parties.  The Parties must provide a detailed basis supporting any extension request, and even then, the Court may not find good cause depending on the justification provided.

Accordingly, the Parties' current motion to extend deadlines (Dkt. No. 24) is DENIED.

Dated this 29th day of January, 2026.

David G. Estudillo
United States District Judge

ORDER DENYING MOTION TO EXTEND DEADLINES (DKT. NO. 24) - 2